**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

)
CARLTON BLOUNT,                                   )
                                                  )
                        Petitioner,               )
                                                  )
            v.                                    )            Civil Action No. 13-1938 (ABJ)
                                                  )
UNITED STATES OF AMERICA,                         )
                                                  )
                        Respondent.               )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on Carlton Blount's Pro Se Petition for Writ of Habeas Corpus and Attached Appendix Pursuant to 28 U.S.C. § 2254 [ECF No. 1] and the government's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 10]. Because petitioner had an effective means to pursue his claim of ineffective assistance of trial counsel, and his claim concerning appellate counsel is time barred, the government's motion will be granted.

I. BACKGROUND

In the Superior Court of the District of Columbia, petitioner was convicted of first degree murder of Natasha Marsh while armed, second degree murder of Andre Wallace while armed, possession of a firearm during a crime of violence, conspiracy to assault with a dangerous weapon, obstruction of justice, and carrying a pistol without a license. Pro Se Petition for Writ of Habeas Corpus and Attached Appendix Pursuant to 28 U.S.C. § 2254 ("Pet.") at 2 (page numbers designated by petitioner). The Superior Court imposed an aggregate sentence of 64

years to life imprisonment. *Id*. On June 29, 2004, petitioner's convictions were affirmed on direct appeal. *See* Pet., App. J (Memorandum Opinion and Judgment, *Blount v. United States*, No. 01-CF-974 (D.C. Ct. of App. June 29, 2004)); United States' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Mot."), Ex. C (docket sheet, *United States v. Blount*, No. 01-CF-0974 (D.C. Ct. of App. filed July 12, 2001)) at 2. Petitioner did not file a motion to recall the mandate until November 21, 2011. *See* Resp't's Mot., Ex. C at 1; Pet. at 5. The Court of Appeals denied the motion on October 11, 2012. *See* Resp't's Mot., Ex. F (Order, *Blount v. United States*, No. 01-CF-974 (D.C. Ct. of App. filed Oct. 11, 2012) (per curiam)).

On June 6, 2005, petitioner, who was then proceeding *pro se*, filed a motion for a new trial in the Superior Court under D.C. Code § 23-110. Pet. at 3. The government filed its opposition on November 9, 2005, and petitioner filed a reply on November 28, 2006 and a supplement on January 30, 2007. *Id*. The Superior Court appointed counsel to represent petitioner, and on January 29, 2008, counsel filed a reply to the government's opposition on petitioner's behalf. *Id*. at 4. The government filed its response on March 12, 2008. *Id*. The Superior Court denied petitioner's motion on July 23, 2008. *Id*. The Court of Appeals affirmed the decision and issued its mandate on December 2, 2009, and on October 4, 2010, the Supreme Court of the United States denied petitioner's petition for a writ of certiorari. *See Blount v. United States*, 983 A.2d 1064 (D.C. 2009) (table), *cert. denied*, 131 S. Ct. 214 (2010).

Petitioner, again proceeding *pro se*, filed a second § 23-110 motion in the Superior Court on December 13, 2011; the motion was denied on March 6, 2012. *See* Pet. at 5; Resp't's Mot. at 5. The Court of Appeals affirmed the decision on May 2, 2013. Resp't's Mot., Ex. G (Memorandum Opinion and Judgment, *Blount v. United States*, No. 12-CO-380 (D.C. Ct. of App. May 2, 2013)).

Petitioner's last effort in the Superior Court was his Notice of Preservation to Reconsider First and Second § 23-110 Motions Due to the Intervening Decision in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012) Handed Down by the United States Supreme Court on March 20, 2012. Pet. at 5. On consideration of the "notice" and the government's opposition, the Superior Court denied petitioner's request on June 21, 2013. *Id*. at 5-6.

## II. DISCUSSION

### A. *Ineffective Assistance of Trial Counsel*

Petitioner alleges here that he was denied a fair trial in the Superior Court, *see generally* Pet. at 32-44, particularly because of a jury instruction on aiding and abetting that he contends "allowed the jury to convict [him] of first and second degree murder without finding that [he] had the same mens rea as the principal," *id*. at 38. This Court is authorized to entertain a claim of trial court error or ineffective assistance of trial counsel only in limited circumstances. *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009). D.C. Code § 23-110 "entirely divest[s] the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a [§] 23-110 remedy available to them, unless the petitioner could show that the [§] 23-110 remedy was 'inadequate or ineffective.'" *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (citing D.C. Code § 23-110(g)); *see Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) (stating that D.C. Code § 23-110 "provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel"); *Garmon v. United States*, 684 A.2d 327, 329 n.3 (D.C. 1996) ("A motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel.").

Here, petitioner fails to demonstrate that the remedy available to him under § 23-110 was inadequate or ineffective; he raised his concerns under § 23-110 twice, and he had the assistance

of counsel when he presented them to the Superior Court the first time.  So this Court does not have jurisdiction to hear petitioner's claim for ineffective assistance at the trial level.

## B.  *Ineffective Assistance of Appellate Counsel*

A claim of ineffective assistance of appellate counsel falls outside the scope of D.C. Code § 23-110.  *See Williams*, 586 F.3d at 998.  "[B]ecause the Superior Court lacks authority to entertain a [§] 23-110 motion challenging the effectiveness of appellate counsel, that section is, by definition, inadequate to test the legality of [petitioner's] detention."  *Id*.  But ordinarily, an ineffective assistance of counsel claim is litigated in the District of Columbia Court of Appeals on a motion to recall the mandate.  *See Watson v. United States*, 536 A.2d 1056, 1060-61 (D.C. 1987) (en banc).  This Court may review a "federal habeas petition asserting ineffective assistance of appellate counsel," but only after a petitioner has "moved to recall the mandate in the [District of Columbia] Court of Appeals."  *Williams*, 586 F.3d at 999.  This case comes before this Court after such a motion was denied by the District of Columbia Court of Appeals.

Petitioner contends that appellate counsel "failed to raise . . . preserved issues" on appeal, including arguments regarding "the erroneous [aiding and abetting] instruction."  Pet. at 45.  A claim of ineffective assistance of appellate counsel is evaluated under "the standard set forth in 28 U.S.C. § 2254."  *Williams*, 586 F.3d at 1002.

In relevant part, § 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A federal court does not grant a habeas petition unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* § 2254(b)(1).

An individual convicted in and sentenced by the Superior Court of the District of Columbia is considered a state prisoner for purposes of § 2254.  *See Smith v. United States*, No. 00-5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000) (per curiam) (A "conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law," and a challenge to a Superior Court conviction is "properly brought under 28 U.S.C. § 2254.").

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1-year period of limitation on motions brought under [28 U.S.C. § 2255]." *United States v. Saro*, 252 F.3d 449, 251 (D.C. Cir. 2001) (citation omitted).  And "[c]ourts have generally applied the same analysis to the time limitations in § 2254 and § 2255." *United States v. Cicero*, 214 F.3d 199, 203 n.* (D.C. Cir. 2000) (citations omitted).

The limitation period for the filing of a petition under § 2254 is set forth in § 2244. *See Wright v. Wilson*, 930 F. Supp. 2d 7, 9 (D.D.C. 2013). It runs from the latter of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). Review is pending "until the application has achieved final resolution through the State's post-conviction procedures," *Carey v. Saffold*, 536 U.S. 214, 220 (2002), including any appeals in the state courts. A criminal conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see* S. Ct. R. 13(1) (setting 90-day deadline for filing a petition for writ of certiorari).

Petitioner's convictions became final on or about January 20, 2005, or 90 days after the Court of Appeals issued its mandate on October 21, 2004. The one-year limitation period would have ended on or about January 20, 2006. Before the limitation period expired, however, petitioner filed his first § 23-110 motion in the Superior Court. Thus, the limitation period ran for approximately 136 days, from January 21, 2005 through June 6, 2005, when petitioner filed his first motion under § 23-110 in the Superior Court. At that point, approximately 229 days of the limitation period remained. Proceedings with respect to petitioner's first § 23-110 motion concluded on October 4, 2010, when the Supreme Court denied his petition for a writ of certiorari. The limitation period began to run again on October 5, 2010, and expired 229 days later, on Saturday, May 21, 2011 (or the next business day, Monday, May 23, 2011).

For purposes of this discussion, the United States, *see* Resp't's Mot. at 6 n.6, and the Court treat the petition as if it were filed on September 18, 2013, the date on which petitioner "handed to prison officials, postage prepaid, the instant § 2254 petition and attached appendix . . . for mailing to the United States District Court [for the] District of Columbia," Pet. at 59 (Certificate of Mailing). Using that date, it is clear that the instant petition was filed more than two years after the limitation period expired, and therefore, the petition is time-barred.[1]

Because the limitation period is not jurisdictional, it "is subject to equitable tolling," *Holland v. Florida*, 560 U.S. 631, 645 (2010), where the movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *id.* at 649 (citation and internal quotation marks omitted); *see Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (citing *Irwin v. Dep't of Veterans*

---

[1] The filing of petitioner's second § 23-110 motion did not serve to toll the limitation period because it was filed on December 13, 2011, roughly 9 months after the limitation period already had expired.

*Affairs*, 498 U.S. 89, 96 (1990)) (finding that equitable tolling is denied "where a [petitioner] 'failed to exercise due diligence in preserving his legal rights' or showed only 'a garden variety claim of excusable neglect'").

Here, petitioner contends that he has pursued his rights diligently, *see* Petitioner's Reply to the Government's Motion to Dismiss Petitioner's Habeas Corpus Petition Under 28 U.S.C. § 2254 [ECF No. 15] ("Reply") at 5, and he recounts his efforts to seek relief in the District of Columbia courts under D.C. Code § 23-110 and this district court under 28 U.S.C. § 2241.[2] *See* Reply at 6-7. He first notes that "neither the court of appeals, nor appellate counsel for indigent appellants, inform[ed]" him of his "right" to seek recall of the Court of Appeals' mandate, which for him would have been the first opportunity to litigate an ineffective assistance of appellate counsel claim. *Id*. at 2. Petitioner also explains that, as a District of Columbia Code offender incarcerated in federal facilities, he lacked "the benefit of . . . trained legal assistance versed in D.C. law and rules of the courts." *Id*. at 3. He further explains that his efforts were hampered by his confinement in segregated housing units, delays in sending and receiving mail, delays in acquiring transcripts, transfers among correctional institutions, and limited access to his legal papers and the law library. *See id*., App. K (Motion to Recall Direct Appeal Mandate) at 1-2. While petitioner may have been diligent, he has not demonstrated that extraordinary circumstances prevented him from filing a petition within the one-year limitation period.

---

2 Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 was dismissed for lack of jurisdiction. "[T]his Court provide[d] no forum for the claim of ineffective assistance of appellate counsel because [Petitioner] ha[d] neither stated nor shown that he moved in the District of Columbia Court of Appeals to recall the mandate and his request was denied." *Blount v. Wilson*, No. 11-0743, 2011 WL 1526945 (D.D.C. Apr. 19, 2011). Petitioner since has filed a motion to recall the mandate, which the Court of Appeals denied on October 11, 2012. *See* Resp't's Mot., Ex. F.

Neither petitioner's lack of access to a law library, nor his inability to secure transcripts, nor his transfer from one correctional facility to another is considered to be an extraordinary circumstance. *See, e.g., United States v. Destine*, __ F. Supp. 2d __, __, 2014 WL 294500, at *5 (D.D.C. Jan. 28, 2014) (finding that petitioner whose "only explanation . . . his delay is that he "was in the special housing unit, with no access to a law library to file a timely § 2255 [motion]," demonstrated neither extraordinary circumstance nor diligent pursuit of his rights to warrant equitable tolling). Petitioner's placement in segregative detention without access to his legal papers and to a law library is not an extraordinary circumstance either. *See Cicero*, 214 F.3d at 204 (finding that petitioner whose convictions became final in 1994 failed to demonstrate extraordinary circumstances to warrant equitable tolling despite showing that, during last six months of limitations period ending on April 24, 1997, he "was separated from his legal papers during a transfer between prisons"). Nor is an untimely filing excused because of a petitioner's "ignorance of the law or unfamiliarity with the legal process." *Id*. at 203 (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

Furthermore, even if petitioner had filed this petition on time, he has not demonstrated that his local remedy for an ineffective assistance of appellate counsel claim was inadequate or ineffective. He had available to him the option of filing in the Court of Appeals a motion to recall the mandate, a remedy he eventually pursued in November 2011. "[T]he availability of such a course precludes the finding of inadequacy or ineffectiveness required to maintain jurisdiction in this Court." *Hewitt v. Smith*, No. 05-1861, 2006 WL 1722330, at *3 (D.D.C. June 20, 2006). And according to petitioner, the Court of Appeals decided his motion to recall the mandate on the merits rather than on procedural grounds. *See* Reply at 9-11. His lack of success did not render the remedy inadequate or ineffective either. *See Collier v. United States*, No. 99-

5120, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999) (per curiam) ("Failure to prevail [on a motion to recall the Court of Appeals' mandate] does not render his local remedies inadequate or ineffective."), *cert. denied*, 529 U.S. 1118 (2000); *see also Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (per curiam) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

## III. CONCLUSION

The Court concludes that petitioner's petition for a writ of habeas corpus is time-barred, and that he had access to effective procedures for post-conviction relief in the District of Columbia courts. The government's motion to dismiss therefore will be granted. An Order is issued separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: September 25, 2014